UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Julie Griesinger, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:13-cv-808 |
| | : | |
| v. | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| University of Cincinnati, | : | |
| | : | |
| Defendant. | : | |

## AGREED PROTECTIVE ORDER

Plaintiff Julie Griesinger ("Plaintiff") and Defendant University of Cincinnati ("Defendant"), hereinafter the Parties to this lawsuit, having stipulated to the entry of a protective order under Fed. R. Civ. P. 26(c) with regard to confidential and/or legally protected information and documents, and it appearing to the Court that such an order is necessary, appropriate and will facilitate discovery, it is hereby **ORDERED**, **ADJUDGED** and **DECREED**, upon the agreement of the Parties, as follows:

1.      As used in this Agreed Protective Order, the word "document" or "documents" means any kind of written, printed, recorded, electronic, computer or graphic matter, however produced or reproduced, in any tangible form, including, but not limited to, the following:  (a) information provided pursuant to Rule 26(a) of the Federal Rules of Civil Procedure; (b) interrogatories and answers thereto; (c) requests for admissions and answers thereto; (d) document requests and responses thereto; (e) documents produced by any party or third-party in this action, whether pursuant to Rule 26 or Rule 34 of the Federal Rules of Civil Procedure, subpoena or by agreement; (f) motions and briefs in support of or in response to motions; (g) deposition and trial transcripts and exhibits; and (h) any portions of papers filed with the Court which quote from or summarize any of the foregoing.

2.     This Order shall be deemed to cover only documents requested, produced or acquired through discovery and shall not be deemed to encompass documents or information that was lawfully in either party's possession prior to the disclosure of the information by the producing party.

3.     This Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permissions as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996).  Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ.R. 79.3.

4.     Confidential Information may include medical, financial, student, educational, proprietary information, or information that may invade the privacy of third parties. Any party or third party in this action may designate as "Confidential" any documents, or testimony, materials, other information, deposition transcripts, or exhibits reflecting the contents of such documents, which it reasonably believes in good faith should be subject to the terms of this Protective Order, [herein "Confidential Information"]. Any documents to be designated "Confidential" by a party or a third party: (a) must be clearly labeled at or before the time of production "Confidential" on each page that is asserted to be "Confidential"; or (2) the producing party must notify counsel for all other parties in writing at or before the time of disclosure that such material shall be treated as Confidential.  Copies of documents designated as Confidential may be made in order to facilitate use in pleadings and at depositions.  All such copies shall be treated as Confidential and shall be subject to the terms of this Agreed Protective Order.

5.      Protected Document(s) in this Order means any documents, or materials, other information, deposition transcripts, or exhibits reflecting the contents of such documents which are: (a) not subject to discovery under federal law; (b) are privileged communications including attorney-client privilege or attorney work-product material; (c) are protected from disclosure under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §1232g; or (d) are protected from disclosure under the Health Insurance Portability and Accountability Act, ("HIPAA"), 42 U.S.C. § 1320a, *et seq.*, [herein "Protected Document(s)"].  However, documents produced by Plaintiff that are educational records or medical records that would otherwise be protected by FERPA or HIPAA, shall not be deemed Protected Documents under this Order but may be Confidential Information under this Order if properly designated as such.  Further, as to any documents relating to Plaintiff produced by Defendant which are covered by FERPA or HIPAA, Plaintiff's counsel affirms that she is authorized by Plaintiff to receive such documents and agrees that such documents may be used in all aspects of the litigation of this case.

6.      All "Confidential Information" shall be used solely for the litigation and defense of claims involved in this action and shall not be used for any other purpose except as otherwise ordered by this Court.

7.      Confidential Information shall be disclosed solely to the following persons:

(a) This Court or any other court before which this litigation is pending, including any court personnel;
(b) Attorneys who are counsel for the parties in this action, including attorneys in the Ohio Attorney General's Office;
(c) Court reporters and clerical personnel, paralegals and other persons regularly employed by the attorneys referred to in Paragraph 7(b) and working to assist the attorneys on this case;
(d) Current and former employees of the Defendant or current or former employees of entities affiliated with the Defendant who are involved in this case, on a need-to-know basis;

3

(e) Persons employed or retained by an independent litigation support company assisting the attorneys referred to in Paragraph 7(b), including, but not limited to, jury consultants and document management companies, provided that each such person has been provided with a copy of this Agreed Protective Order and has agreed to be bound by this Agreed Protective Order by the execution of an agreement in the form of Exhibit A attached hereto; and

(f) Experts who are retained by a party to assist in preparation for or to testify at trial, but only after counsel for such party has, in advance of the disclosure, provided such expert with a copy of this Agreed Protective Order and such expert has agreed to be bound by this Agreed Protective Order by executing an agreement in the form of Exhibit A attached hereto.

8.     The production or disclosure of Confidential Information which are inadvertently not marked as Confidential shall not be deemed a waiver in whole or in part of a party's claim of such privilege or protection, or the right to subsequently designate such material as Confidential, either as to the specific material disclosed or as to any other material relating thereto or on the same or related subject matter provided the disclosing party notifies the receiving party within thirty (30) days of discovery of the inadvertent disclosure to the receiving party of the disclosed material and promptly demands the return or re-designation of the inadvertently disclosed material. The receiving party shall, within ten (10) business days of receipt of such demand, return or re-designate the material as Confidential as set forth in the demand or seek a determination from the Court as to the designation under Paragraph 17.

9.     In the event that any question is asked at a deposition which a party or third-party asserts calls for Confidential Information, such question shall nonetheless be answered by the witness, provided that those in attendance at the deposition are persons qualified to receive Confidential Information pursuant to Paragraph 7 of this Agreed Protective Order. Counsel for the party who claims confidentiality shall, either at the deposition or within thirty (30) days after receipt of the deposition transcript, notify opposing counsel whether the information provided in such answer is Confidential. Those portions of a deposition transcript

that are designated as Confidential shall be marked as provided in Paragraph 4 of this Agreed Protective Order.

10.    Subject to the rules of evidence and the rulings of this Court, Confidential Information may be used for any purpose at the trial or any public hearing in this action. Confidential Information, when so used in this proceeding, shall not lose its Confidential status through such use, and the parties and witnesses shall take all steps reasonably required to protect its confidentiality during such use and otherwise.

11.    If a party receives any document that the party reasonably believes or reasonably should believe is a Protected Document, that party shall immediately stop review of such document and shall notify the other party in writing (which may be done by electronic mail) that such document may have been inadvertently produced.

12.    A party who produces any Protected Document without intending to waive the claim of protection associated with such document may at any time during discovery amend its discovery response and notify the other party in writing (which may be done by electronic mail) that such protected document was inadvertently produced and should have been withheld as protected.

13.    Once the producing party provides the notice set forth in Paragraph 12 hereof to the requesting party, the requesting party must (a) within three (3) business days return the specified document and any copies thereof to the producing party; (b) to the extent reasonably possible, delete any electronic copies of such document; (c) destroy any notes or any other documents it created that reflect the contents of the specified document; (d) make all reasonable and good faith efforts to retrieve the specified document from any third parties to whom the requesting party provided the document and to have that party comply with (b) and (c) above; (e) refrain from using the specified document in evidence against the producing party; and (f) refrain

from disclosing the substance of such specified document to any third party, including the Court. The requesting party shall provide written certification of compliance within ten (10) business days of the producing party's notice.

14.     If after receiving the notice from the producing party, the receiving party asserts that it is not obligated to return any such inadvertently disclosed material, the receiving party shall so notify the producing party within three (3) business days of the demand by the producing party, including a plain statement of the basis for the position taken.   Until the issue of the document's status is resolved between the parties in writing or by the Court, the document shall be treated as a Protected Document.

15.     The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as a Protected Document shall not waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing party requests its return in accordance with Paragraph 12 hereof.

16.     To the extent documentary or deposition discovery is sought by any party to this action from a third-party, the third-party may, by written notice to the Parties before such discovery responses become due or before the date of the deposition, avail himself, herself or itself of the protection of this Agreed Protective Order, and make any production of documents or give any deposition testimony subject to the terms of this Agreed Protective Order.

17.     Any party shall have the right to object to the designation of a document, testimony, material or other information as Confidential Information or Protected Documents and may apply to the Court for a ruling that the document, testimony, material or other information shall not be treated as Confidential Information or Protected Documents after

giving notice to the party or third-party claiming confidentiality or protection. In any application to the Court for a ruling on such designation, the party or third-party claiming such designation shall have the burden of establishing the propriety of that designation. The parties acknowledge that the Court retains continuing authority to remove designations under appropriate circumstances. The Court shall make the determination of whether documents, testimony, materials or other information has been properly designated. Until the Court enters an order changing the designation for a document, testimony, material or other information, such material shall be treated as so designated in accordance with the terms of this Agreed Protective Order. The right to challenge designations is reserved by each party at all times and failure to object to designations may not be deemed a waiver. In the event that the requesting party disputes the producing party's claim as to the protected nature of the inadvertently disclosed material and requests the Court's determination, a single set of copies may be sequestered and retained by and under the control of the requesting party for the sole purpose of seeking the Court's determination of the issue. Notwithstanding the propriety of the designation of any document, testimony, material or information, any party shall have the right to seek an order from the Court allowing the disclosure of any such document, testimony, material or information to persons other than those allowed hereunder on the basis that such disclosure is reasonably needed to prosecute or defend any claim in this action

18. In the event that any Confidential Information or Protected Documents are included with or in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the Clerk of Court, such Confidential Information or Protected Documents shall be kept under seal by the Clerk until further order of the Court; provided, however, if Confidential Information is included, such pleading, motion, deposition transcript, or other paper shall be furnished to the Court and attorneys for the named parties, and a duplicate copy

thereof – with the Confidential Information deleted there from – may be placed in the public record but if Protected Documents are included, such pleading, motion, deposition transcript, or other paper shall be furnished only to the Court for an *in camera* inspection.

19.     Nothing in this Agreed Protective Order shall be deemed a waiver of the disclosing party's right to (a) oppose discovery on grounds other than the discovery sought constitutes or contains Confidential Information or Protected Documents, (b) seek further protection other than that which this Agreed Protective Order prescribes with respect to Confidential Information or Protected Information, or (c) object on any ground to the admission in evidence, at any trial, hearing or public proceeding in this matter, of any type or classification of material produced or disclosed pursuant to this Agreed Protective Order.  No party to this action shall be obligated to challenge the propriety of any designation and a failure to do so shall not constitute a waiver of, or preclude a subsequent challenge to the propriety of such designation.  Nothing in this Agreed Protective Order shall limit the right of any person to seek judicial review or to pursue other appropriate judicial action to seek a modification or amendment of this Agreed Protective Order.

20.     Nothing in this Agreed Protective Order shall limit in any manner a party's own use of any documents, testimony, materials or other information designated by it as Confidential Information.

21.     No reference may be made at the trial of this matter in the presence of a jury to the existence of this Order or to the effect that certain information is subject to this Order.

22.     If within Sixty (60) days of the entry of the Final Order concluding this action (including all applicable appeals), the counsel for the receiving party receives a written request from the producing party for certification as provided for in this paragraph, the receiving party's counsel shall certify that (a) a good faith effort has been made to securely destroy all hard-copies

of Confidential documents, with the exception that one counsel of record for that Party may retain the hard-copy of Confidential documents to the extent that they are included in court papers, hearing or trial exhibits, and deposition exhibits for their files; and (b) all such retained hard-copies and electronically stored versions of Confidential documents shall continue to be maintained in confidence. Such certification must be provided to the producing party's counsel within thirty (30) days of receipt of the request. To the extent any documents, testimony, materials or other information has been filed with the Clerk of Court, the Clerk, at his or her discretion, may return those documents, testimony, materials or other information to the party who submitted them to the Court, to be dealt with in compliance with this paragraph, or destroy such material. The provisions of this Agreed Protective Order insofar as they restrict the communication and use of Confidential Information shall, without written permission of the producing party or further order of this Court, continue to be binding on all parties and all persons receiving such Confidential Information after the conclusion of this judicial proceeding.

23.    This Order shall be enforceable as an Order of the court. If any Party alleges a violation of this Order, the prevailing Parties shall be entitled to recover their reasonable attorney's fees and expenses relating to or arising out of such allegation and all other remedies available at law or in equity.

**IT IS SO ORDERED.**

ENTERED this ___14___ day of May 2014.

Karen L. Litkovitz

Magistrate Judge Karen L. Litkovitz

AGREED:

MICHAEL DEWINE
ATTORNEY GENERAL OF OHIO

by Elizabeth M. Stanton per
/s/ Lisa T. Meeks    email authorization 5/12/2014
Lisa T. Meeks (0062074)
Robert B. Newman (0023484)
NEWMAN & MEEKS CO., L.P.A.
215 E. Ninth Street, Suite 650
Cincinnati, OH  45202
lisameeks@newman-meeks.com

/s/ Elizabeth M. Stanton  5/12/2014
Elizabeth M. Stanton (0018760), Trial Attorney
estanton@taftlaw.com
Ann J. Hancock (0087859)
ahancock@taftlaw.com
Taft Stettinius & Hollister LLP
65 East State Street, Suite 1000
Columbus, OH 43215
(614) 221-2838
(614) 221-2007 (fax)

Stephen R. Felson (0038432)
215 E. Ninth Street, Suite 650
Cincinnati, OH  45202
Stevef8953@aol.com

Special Counsel to the Ohio Attorney General
Counsel for Defendant, University of
Cincinnati

Attorneys for Plaintiff

10

<u>**EXHIBIT A**</u>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Julie Griesinger, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:13-cv-808 |
| | : | |
| v. | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| University of Cincinnati, | : | |
| | : | |
| Defendant. | : | |

**<u>ACKNOWLEDGEMENT</u>**

I, the undersigned, hereby acknowledge that I have read the PROTECTIVE ORDER in this action, understand its terms, agree to be bound by them, and acknowledge the jurisdiction over me of the United States District Court, Southern District of Ohio, Western Division to enforce them.  I acknowledge that I will treat any Confidential Information I receive in this action strictly according to the terms of this PROTECTIVE ORDER and that I understand that any unauthorized use of the Confidential Information I receive may constitute contempt of court.


_____
Name

_____
Date