UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JULIE GRIESINGER | : | Case No.: 1:13cv808 |
| Plaintiff, | : | Magistrate Judge Litkovitz (full referral) |
| v. | : | **COMPLAINT AND JURY DEMAND** |
| UNIVERSITY OF CINCINNATI | : | |
| Defendant. | : | |

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought pursuant to Section 504 of the Rehabilitation Act of 1973, Pub.L. 93-112, Title V, § 504, Sept. 26, 1973, 87 Stat. 39429, codified at 29 U.S.C. §§ 794 *et seq*., and Title II of the Americans with Disabilities Act of 1990 ("ADA"), Pub.L. 101-336, Title II, § 201, July 26, 1990, 104 Stat. 33742, codified at 42 U.S.C. §§ 12131 *et seq*. Plaintiff alleges that Defendant, the University of Cincinnati (hereafter "UC"), failed to accommodate her disability, resulting in her inability to complete its associate degree program in Medical Assisting.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, since Plaintiff's claims arise under a federal statute.

3. Venue in the United States District Court, Southern District of Ohio, is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) since all parties reside in this district and the conduct which underlies Plaintiff's claims took place in this district.

**PARTIES**

4.     Plaintiff is an adult female resident of Ohio who was enrolled in the Medical Assisting program at UC's Blue Ash College.

5.     UC is a public university and therefore a public entity as defined in the ADA, and receives federal financial assistance as defined in the Rehabilitation Act.

**FACTS**

6.     Plaintiff was diagnosed with a primitive neuro-ectodermal brain tumor when she was five months old and treated with resective surgery and chemotherapy.  She had, and still has, neuro-cognitive deficits post-surgery and as an aftermath of chemotherapy.

7.     Plaintiff has difficulty with short-term memory and multitasking.  Her intellectual abilities are characterized by low average verbal reasoning skills and extremely low-range non-verbal skills.

8.     Her medical condition limits major life activities such as learning, concentrating, thinking and communicating.

9.     In August 2008, Plaintiff enrolled at UC and in October 2009 transferred to the Medical Assisting program.

10.    Upon enrollment, Plaintiff registered with UC's Disability Services Office and was granted certain accommodations.

11.    Plaintiff successfully completed the traditional academic requirements for the program with the accommodations provided by UC, attaining a 3.308 GPA.

12.    As a final degree requirement at the time, the Medical Assisting program required students to pass a skills test and then complete 320 hours in an externship program, similar to a

job-shadowing experience, in a medical setting under the direct supervision of a physician or the physician's delegate staff member.

13. At all relevant times, UC's policy was to consider the student's needs when selecting an externship site for the student, and to take into account the pace and general atmosphere of the site as well as the student's personality and talents.

14. At no time prior to the externship did anyone advise or counsel Plaintiff on possible difficulties she might encounter in completing the degree program.  To the contrary, she was on the Dean's List for four quarters.

15. Plaintiff passed the skills test and was placed in an externship.

16. Plaintiff's supervisor at the externship site was not provided information about Plaintiff's disability or informed that she was to be provided accommodations.

17. Plaintiff was dismissed from this first externship site.

18. Plaintiff was required to pass a second skills test before placement at a second externship site, which she did.

19. Plaintiff's supervisor at the second site was not provided information about Plaintiff's disability or informed that she was to be provided accommodations.

20. Plaintiff was dismissed from the second externship site and subsequently dismissed from the UC Medical Assisting program based upon her failure to complete the required externships.

### FIRST CLAIM FOR RELIEF: THE REHABILITATION ACT

21. Plaintiff reasserts all of the allegations contained in paragraphs 1-20 above.

22. At all relevant times, Plaintiff was a qualified individual with a disability under the Rehabilitation Act in that she had a physical impairment that substantially limited a major life activity.

23. At all relevant times Plaintiff was capable of satisfying the academic and technical requirements set by UC Medical Assisting program with the aid of reasonable accommodations.

24. At all relevant times, UC had full knowledge of Plaintiff's disability and therefore had the duty to accommodate that disability during her two externships.

25. By failing to provide the necessary accommodations as described above, UC caused Plaintiff's failure to complete those externships and therefore caused her dismissal from the medical assisting program, as a result of which she suffered damages.

## SECOND CLAIM FOR RELIEF: THE AMERICANS WITH DISABILITIES ACT

26. Plaintiff reasserts all of the allegations contained in paragraphs 1-25 above.

27. At all relevant times, Plaintiff was a qualified individual with a disability as defined in the ADA.

28. At all relevant times Plaintiff was capable of satisfying the academic and technical requirements set by UC Medical Assisting program with the aid of reasonable accommodations.

29. At all relevant times, UC had full knowledge of Plaintiff's disability and therefore had the duty to accommodate that disability during her two externships.

30. By failing to provide the necessary accommodations as described above, UC caused Plaintiff's failure to complete those externships and therefore caused her dismissal from the medical assisting program, as a result of which she suffered damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

A. Compensatory damages in an amount to be proved at trial;

B. Punitive damages in an amount to be proved at trial;

C. Injunctive relief ordering Defendant to reasonably accommodate Plaintiff's disability;

D. Attorney fees and costs; and

E. Such additional relief as the Court deems just and proper, at law or in equity.

Respectfully submitted,

/s/ *Lisa T. Meeks*
Lisa T. Meeks (0062074)
Robert B. Newman (0023484)
NEWMAN & MEEKS CO., L.P.A.
215 E. Ninth Street, Suite
Cincinnati, Ohio  45202
Phone:  (513) 639-7000
Facsimile:  (513) 639-7011
lisameeks@newman-meeks.com

/s/ *Stephen R. Felson*
Stephen R. Felson (0038432)
220 Loraine Ave., Suite # 2
Cincinnati, Ohio 45220
(513) 520-6348
Stevef8953@aol.com

Trial Counsel for Plaintiff

**Jury Demand**

Plaintiff hereby demands a trial by jury of all issues so triable.

/s/ *Stephen R. Felson*

5